IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THREE MILE DRYDOCK AND REPAIR, LLC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 25-0073-C |
| BUNKER ONE (USA), INC., *et al*., | ) |
| Defendants. | ) |

**ORDER SETTING SETTLEMENT CONFERENCE**

At the request of the parties, this cause shall come on for a settlement conference before the undersigned Magistrate Judge on **November 10, 2026,** at **10:00 a.m.**, in Courtroom 3A, United States Courthouse, 155 Saint Joseph Street, Mobile, Alabama. **All parties, including, for non-natural person parties, the person with ultimate settlement authority,** and their lead counsel are **ORDERED TO APPEAR** for this settlement conference.

**SETTLEMENT CONFERENCE PREPARATION**

Most of the civil suits filed in this Court are settled or otherwise resolved prior to trial. Therefore, settlement preparation should be treated as seriously as trial preparation. Because planning is essential, the Court has found that the following steps lead to a successful settlement conference.

**A. FORMAT**

**1. PRESETTLEMENT CONFERENCE DEMAND AND OFFER.** A settlement conference is more likely to be productive if, before the conference, the parties have

had a written exchange of their settlement proposals. Accordingly, no later than 5:00 p.m. on **October 26, 2026**, Plaintiff's counsel shall submit a written settlement demand to defense counsel with a brief explanation of why such a settlement is appropriate. No later than 5:00 p.m. on **November 2, 2026**, defense counsel shall submit a written settlement offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate. On occasion, this process will lead directly to a settlement. If settlement is not achieved, Plaintiff's counsel shall e-mail copies of these letters to Judge Murray (Bradley_Murray@alsd.uscourts.gov) no later than **5:00 p.m. on November 9, 2026**. Do not file copies of these letters in the Clerk's Office.

**2. ATTENDANCE OF PARTIES REQUIRED.** Parties with ultimate settlement authority ***must*** be personally present and ***must*** participate in good faith at the conference. *See Pinero v. Corp. Courts at Miami Lakes, Inc.,* 389 F. App'x 886, 888-889 (11th Cir. July 22, 2010) ("While Fed. R. Civ. P. 16 does not explicitly authorize district courts to issue orders directed at represented parties, … district courts have the inherent authority to order any party retaining full settlement authority to produce an individual at the pretrial conference substantially prepared to discuss settlement option…."). An insured party shall appear by a representative of the insurer who is authorized to negotiate and settle all claims. An uninsured corporate party shall appear by a representative authorized to negotiate and settle all claims. Having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances. Because the Court generally sets aside at least three to five hours for each conference, it is impossible for a party who is not present to appreciate

the process and the reasons that may justify a change in one's perspective towards settlement.

**3. MEDIATION FORMAT.** The Court will generally use a mediation format: opening presentations by each side followed by a joint discussion and private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to find creative means for resolving the dispute.

**4. STATEMENTS INADMISSIBLE.** Statements made by any party during the settlement conference will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

## B. ISSUES TO BE DISCUSSED AT SETTLEMENT CONFERENCE

Parties should be prepared to discuss the following at the settlement conference:

1. What are your objectives in the litigation?

2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

4. What are the points of agreement and disagreement between the parties?

5. What are the impediments to settlement?

6. What remedies are available through litigation or otherwise?

7. Are there possibilities for a creative resolution of the dispute?

8. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9. Are there outstanding liens? Do we need to include a representative of the lienholder?

**C. <u>INVOLVEMENT OF CLIENTS</u>**

For many clients, this will be the first time they have participated in a court supervised settlement conference. Therefore, **counsel shall provide a copy of this Order to the client and shall discuss the points contained herein with the client prior to the settlement conference.**

**DONE** and **ORDERED** this the **21st** day of **October, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**